UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CAMILLE HADDAD,
    Plaintiff,

v.    Case No. 2010-11996

ALEXANDER, ZELMANSKI, DANNER & FIORITTO, PLLC,
    Defendants.

---

MEISNER & ASSOCIATES, P.C.
ROBERT M. MEISNER (P17600)
DANIEL P. FEINBERG (38356)
Attorneys for Plaintiff
30200 Telegraph Road, Suite 467
Bingham Farms, MI 48025
(248) 644-4433

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, Camille Haddad, by and through his attorneys, Meisner & Associates, P.C., and for his Complaint, states as follows:

## PARTIES, VENUE AND JURISDICTION

1. Plaintiff, Camille Haddad, resides in Oakland County, Michigan.

2. Defendant Alexander, Zelmanski, Danner & Fioritto, PLLC, ("AZDF"), which, at the times pertinent hereto, was known as Alexander, Zelmanski & Lee, PLLC, is a Michigan professional limited liability company maintaining its principal place of business in Wayne County, Michigan.

3. This Court has original jurisdiction over matters and actions arising under the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692, *et seq.,* pursuant to 15 USC § 1692k(d) and 28 USC § 1331 and 1337, and supplemental or pendant jurisdiction over the related state law claim set forth herein that form part of the same case or controversy pursuant to 28 USC § 1367.

## GENERAL ALLEGATIONS

4.     Plaintiff has owned a Unit in Cumberland Condominium since May 15, 1991, and for 19 years, has timely paid assessments to Cumberland Condominium Association (the "Association").

5.     By letter dated October 29, 2008, AZDF notified Plaintiff that it, on behalf of the Association intended to record a lien against his Unit for an alleged debt in the amount of $898.00, purportedly consisting of "$803.00 in unpaid assessments, $40.00 in late charges, and $55.00 in legal fees and costs", and demanded payment of the alleged debt.

6.     On November 13, 2008, Plaintiff notified AZDF in writing that the alleged debt was disputed and requested written verification of same.

7.     Along with a letter dated December 3, 2008, AZDF provided an account ledger commencing as of January 11, 2008 which began with an initial unverified, unidentified purported account balance of $75.00; but otherwise displayed nothing but timely paid assessments; the letter demanded payment of $938.00.

8.     By letter to AZDF dated December 9, 2008, Plaintiff, again, disputed the purported debt and requested written verification.

9.     Together with a letter dated January 20, 2009, AZDF supplied another account ledger; this one commencing as of August 1, 2006, and showing an unexplained, unverified initial account balance of $50.00; the letter demanded payment in the amount of $1,063.00, purportedly consisting of "$363.00 in unpaid condominium assessments … , $200.00 in fines … , $400.00 in late charges … , and $100.00 in legal fees".

10.    On February 23, 2009, Plaintiff, again, disputed the purported debt in writing and requested verification.

11. Without ever having provided verification of the debt, AZDF, under cover letter dated May 18, 2009, sent Plaintiff a copy of the Notice of Lien for Non-Payment of Assessments being sent to the Oakland County Register of Deeds for recording, which claimed the sum of $1,416.00 due and owing, "exclusive of any costs, late charges, interest, fines, attorney fees and future assessments".

12. In the May 18, 2009 letter, AZDF demanded payment of $1,794.00, purportedly consisting of "$1,416.00 in unpaid monthly assessments, $80.00 in late charges, and $208.00 in legal fees and costs".

13. The Notice of Lien for Non-Payment encumbering Plaintiff's unit in Cumberland Condominium was, in fact, recorded on May 19, 2009 in the office of the Oakland County Register of Deeds at Liber 41171, Page 798, Oakland County Records.

14. By letters dated July 29, 2009 and September 21, 2009, Plaintiff, by and through his attorneys, demanded that the unverified debt be reversed on his account and that the lien be promptly discharged.

15. Despite such demands, the Lien remained of record until February 22, 2010.

**COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16. Plaintiff incorporates each of the preceding paragraphs as if fully stated herein.

17. Pursuant to § 803 of the FDCPA, 15 USC § 1692a, "communication" is defined as the conveying of information regarding a debt directly or indirectly, and the definition of a "debt collector" includes anyone who regularly attempts to collect debts, directly or indirectly.

18. AZDF's first communication with Plaintiff in the capacity as a debt collector occurred on October 29, 2008, when it mailed him a Notice of Intent to Record a Lien.

19. Pursuant to § 809(b) of the FDCPA, 15 USC § 1692g(b), if the consumer notifies the debt collector in writing within thirty (30) days after receipt of an initial communication from a debt collector that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains verification and provides a copy of such verification to the consumer.

20. Plaintiff did in fact deny the validity of the debt, but AZDF continued to attempt collection without ever obtaining and providing verification of the debt.

21. Pursuant to § 108(3)(iii) of the Michigan Condominium Act, MCL § 559.208(3)(iii), the Notice of Lien shall set forth the amounts due, "exclusive of interest, costs, attorney fees, and future assessments."

22. Section 807 of the FDCPA, 15 USC § 1692e, prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt, including, but not limited to misrepresenting the character, amount or legal status of a debt; representing that nonpayment will result in the attachment of property when such action is unlawful; and threatening to take any action that cannot legally be taken.

23. AZDF misrepresenting the character, amount and/or legal status of a purported debt, and recorded an invalid lien, in an effort to collect an invalid and unverified debt.
The improper, invalid lien being of record, constituted a cloud on Plaintiff's title and a continuing violation of the FDCPA, with each day the lien remained undischarged being a separate violation of the FDCPA.

24. Section 813 of the FDCPA, 15 USC § 1692k, provides for an award in the amount of the sum of actual damages, up to $1,000.00 for each violation of the Act, and costs together with a reasonable attorney's fee.

WHEREFORE, Plaintiff prays for judgment against AZDF in that amount he is deemed to be entitled, in excess of Two Hundred Eighty Thousand ($280,000.00) Dollars, plus costs, interest and attorney fees so wrongfully sustained.

### COUNT II:  VIOLATION OF MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates each of the preceding paragraphs as if fully stated herein.

26. Pursuant to § 1(g)(xi) of the Michigan Regulation of Collection Practices Act (MRCPA), MCL § 445.251(g)(xi), a "regulated person" includes an "attorney handling claims and collections on behalf of a client and in the attorney's own name."

27. In performing the acts and/or omissions complained of herein, AZDF was handling a claim and collection on behalf of a client and in its own name.

28. Pursuant to § 2(f) of the MRCPA, MCL § 445.252(f), a regulated person shall not, *inter alia,* make "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt" or "misrepresent the legal rights of the creditor", or fail "to implement a procedure designed to prevent a violation by an employee."

29. In representing that the Association was entitled to collect an unverified debt; by recording a lien which violated the Michigan Condominium Act, and in refusing to discharge the lien it knew or should have known was invalid, AZDF violated such provisions of the MCPA.

30. AZDF knew that the lien was not proper not valid and was recorded in an attempt to collect an unverified debt, making such violations wilful.

34. Pursuant to § 7(2) of the MCPA, MCL § 445.257(2), the court may assess "a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater," for a wilful violation of the Act, "and shall award reasonable attorney's fees and court costs incurred in connection with the action."

WHEREFORE, Plaintiff prays for judgment against AZDF in that amount he is deemed to be entitled plus costs, interest and attorney fees so wrongfully sustained.

|  |  |
|---|---|
| Dated:  May 18, 2010 | Respectfully submitted,<br>MEISNER & ASSOCIATES, P.C.<br>s/Daniel P. Feinberg<br>DANIEL P. FEINBERG (P38356)<br>Attorneys for Plaintiff |

### DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38, Plaintiffs hereby demand a trial by jury of all issues so triable.

|  |  |
|---|---|
| Dated:  May 18, 2010 | Respectfully Submitted,<br>MEISNER & ASSOCIATES, P.C.<br>s/Daniel P. Feinberg<br>DANIEL P. FEINBERG (P38356)<br>Attorneys for Plaintiff |