**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

CAMILLE HADDAD,
      Plaintiff,                                   Case No. 2010-11996
v.                                                        Hon. Bernard A. Friedman

ALEXANDER, ZELMANSKI, DANNER & FIORITTO, PLLC,
      Defendant.

| Meisner & Associates, P.C. | Alexander, Zelmanski, Danner & Fioritto, PLLC |
|---|---|
| Robert M. Meisner (P17600) | Mark B. Davis (P57065) |
| Daniel P. Feinberg (38356) | Attorneys for Defendant |
| Attorneys for Plaintiff | 44670 Ann Arbor Road, Suite 170 |
| 30200 Telegraph Road, Suite 467 | Plymouth, MI  48170 |
| Bingham Farms, MI 48025 | (734) 459-0062 |
| (248) 644-4433 | mbd@azdfcondo.com |
| dfeinberg@meisner-associates.com | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION**
**FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**

      NOW COMES Plaintiff, by and through his attorneys, Meisner & Associates, P.C., and in response to Defendant's Motion for Summary Judgment pursuant to FRCP 56, states:

      1.      Admitted.

      2.      It is admitted that Defendant answered, but it is denied the Defendant vehemently denied the allegations.  To the contrary, Defendant neither admitted nor denied the allegation that it was acting in the capacity as a debt collector (allegation 18) and neither admitted nor denied the allegation that it was handling a claim and collection on behalf of a client and in its own name (allegation 27).  Moreover, Defendant did not even assert as an affirmative defense that the debt at issue in this matter was not a "consumer debt", or any other valid affirmative defense.

      3.      Admitted.

      4.      Denied, it is Plaintiff that is entitled to Summary Judgment.

      5.      Denied, it is Defendant's request for sanctions that is frivolous.

[2]

WHEREFORE, Plaintiff prays that this Honorable Court deny Defendant's Motion for Summary Judgment, and, instead, grant Summary Judgment in his favor on both Counts of his Complaint.

                                          Respectfully Submitted,
                                          Meisner & Associates, P.C.

                                          By: /s/Daniel P. Feinberg
                                          Daniel P. Feinberg (P38356)
                                          dfeinberg@meisner-associates.com
                                          Attorneys for Plaintiff

DATED:  April 21, 2011

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CAMILLE HADDAD,
       Plaintiff,

v.                                                                     Case No. 2010-11996

ALEXANDER, ZELMANSKI, DANNER & FIORITTO, PLLC,
       Defendant.

| Meisner & Associates, P.C. | Alexander, Zelmanski, Danner & Fioritto, PLLC |
|---|---|
| Robert M. Meisner (P17600) | Mark B. Davis (P57065) |
| Daniel P. Feinberg (38356) | Attorneys for Defendant |
| Attorneys for Plaintiff | 44670 Ann Arbor Road, Suite 170 |
| 30200 Telegraph Road, Suite 467 | Plymouth, MI  48170 |
| Bingham Farms, MI 48025 | (734) 459-0062 |
| (248) 644-4433 | mbd@azdfcondo.com |
| dfeinberg@meisner-associates.com | |

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56

      Defendant has not asserted that it is not a "debt collector", as that term is defined under the Fair Debt Collection Practices Act (FDCPA).  Nor has it contended that it did not continue to attempt to collect an unverified debt without ever obtaining and providing verification of the debt, that its ever changing representations of the character and amounts of the "debts" were not deceptive or misleading, or that it threats to record, and it subsequent recording of, an invalid lien, were actions that it could legally take.  Nor does Defendant argue that a condominium assessment is not a consumer debt.  No, instead, Defendant avers that due to the fortuity that Mr. Haddad now rents out his home of over 15 years, its conduct was acceptable.

      Similarly, Defendant has not claimed that it is not a "regulated person" as that term is defined in the Michigan Regulation of Collection Practices Act (RCPA), nor maintained that its statements were not inaccurate, misleading, untrue, or deceptive statement, or that it did not misrepresent the legal rights of the creditor, or that it had implemented a procedure designed to prevent violations.  Defendant has not alleged that a condominium assessment is not a consumer

debt under the RCPA. The only defense that Defendant posits under the Michigan Act also is that Mr. Haddad now has a tenant in Unit he used as his home for over 15 years.

Since Defendant does not dispute that a condominium assessment is a consumer debt, the collection of which is subject to the Federal and State Acts, Defendant was obligated to plead, as an affirmative defense, that the particular condominium assessment it sought to collect in this case was not a consumer debt. "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense", FRCP 8(c)(1).

While the defense of a consumer debt not being a consumer debt in a particular circumstance is not one of the enumerated affirmative defenses, it is an affirmative defense.

> "Rule 8(c) of the Federal Rules of Civil Procedure requires that a responsive pleading must set forth certain enumerated affirmative defenses as well as "any other matter constituting an avoidance or affirmative defense." Fed.R.Civ.P. 8(c). An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.' Black's Law Dictionary 430 (7th ed.1999)." *Saks v Franklin Covey Co*, 316 F3d 337, 350 (2nd Cir,2003).

Indeed, Defendant's purported defense is analogous to a defense of qualified immunity. "Qualified immunity 'is an affirmative defense that must be pleaded ….' " *Sample v Bailey*, 409 F3d 689, 695 (6th Cir,2005), quoting from *Harlow v Fitzgerald,* 457 US 800, 815; 102 S.Ct 2727; 73 L.Ed.2d 396 (1982). "Failure to plead an affirmative defense in the first responsive pleading to a complaint generally results in a waiver of that defense." *Horton v Potter*, 369 F3d 906, 911 (6th Cir,2004).

Consequently, Defendant is not entitled to assert a defense in support of summary judgment which it has waived.

Even if Defendant had not waived this purported defense, it would not be entitled to summary judgment, as plaintiff has, in fact, been the object of collection activity arising from a consumer debt.

> "The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 USC § 1692(a)(5).

Mr. Haddad's obligation to pay condominium assessments arose of the purchase of the subject condominium unit as his home. Clearly, the purchase of one's home is a transaction primarily for personal, family or household purposes. "[T]he obligation to pay a condominium assessment arises in connection with the purchase of the condominium itself. *Newman,* 119 F3d at 481; *see also Thies v Law Offices of William A Wyman,* 969 F.Supp 604, 607 (SD Cal,1997)". *Ladick v Van Gemert*, 146 F3d 1205, 1206 (10th Cir,1998); *cert denied*, 119 S.Ct 511; 142 L.Ed.2d 424 (1998). Clearly, Defendant was seeking to collect a debt which arose out of a transaction primarily for personal, family and household purposes.

The fact the Mr. Haddad may subsequently have placed a tenant in his home does not transform the nature of the transaction. Moreover, even if it did, Defendant would not be entitled to summary judgment. Defendant's focus on when it started its collection activity is plainly misplaced. The focus is on the nature of the debt to which that collection activity pertains. Here, the purported unverified debt accrued sometime before August of 2006. No greater specificity came be determined by Plaintiff since verification of that debt, and specifically when it was incurred was never produced. It was, presumably, at a time when Mr. Haddad was still residing in the unit, or, at least before he began renting it. It is undisputed that Mr. Haddad purchased his unit in 1991 for the purpose of using it as his personal residence, and did, in fact, reside there

through 2005.  Defendant cannot sustain its assertion that the debt was a "business" one.  It is not entitled to summary judgment.  To the contrary, Mr. Haddad should not be punished for his inability to point to precisely when the purported debt was incurred.  " '[T]he general rule is that [w]here relevant information ... is in the possession of one party and not provided, then an adverse inference may be drawn that such information would be harmful to the party who fails to provide it.' *McMahan & Co v Po Folks, Inc,* 206 F3d 627, 632-33 (6th Cir,2000)."  *Clay v United Parcel Service, Inc*, 501 F.3d 695, 712 (6th Cir,2007).

      Defendant's motion must be denied.  Instead, it is Mr. Haddad who is entitled to summary judgment on both Counts of his Complaint.

Respectfully submitted,

Meisner & Associates, P.C.

DATED:  April 21, 2011

By: /s/Daniel P. Feinberg
Daniel P. Feinberg (P38356)
dfeinberg@meisner-associates.com

[6]