UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CAMILLE HADDAD,

    Plaintiff,

v.

ALEXANDER, ZELMANSKI,
   DANNER & FIORITTO, PLLC,

    Defendant.

HON. BERNARD A. FRIEDMAN

Case No. 2010-11996

| The Meisner Law Group, P.C. | Alexander, Zelmanski, Danner & |
|---|---|
| Robert M. Meisner (P17600) |   Fioritto, PLLC |
| Daniel P. Feinberg (38356) | Mark B. Davis (P57065) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 30200 Telegraph Road, Suite 467 | 44670 Ann Arbor Road, Suite 170 |
| Bingham Farms, MI 48025 | Plymouth, MI 48170 |
| (248) 644-4433 | (734) 459-0062 |
| dfeinberg@meisner-law.com | mbd@azdfcondo.com |

## MOTION FOR SUMMARY
## JUDGMENT FOLLOWING REMAND

NOW COMES Plaintiff, by and through his attorneys, The Meisner Law Group, P.C., and moves this Honorable Court for Summary Judgment pursuant to FRCP 56 as follows:

1.    The United States Court of Appeals for the Sixth Circuit has determined that the purported obligations at issue in this matter are consumer debts as defined by the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692, *et seq.*

2.    Defendant is, admittedly, a debt collector as defined by the FDCPA.

3. There is no genuine issue of fact that Defendant failed to provide verification of the purported debts after a timely written request for same; yet it continued to seek to collect the unsubstantiated debt, as the Sixth Circuit expressly so stated.

4. There is no genuine issue of fact that Defendant misrepresented the character, amount and/or legal status of the supposed debts, and recorded an invalid lien, in an effort to collect invalid and unverified debts.

5. Defendant is a "regulated person" as defined by the Michigan Regulation of Collection Practices Act (MRCPA), MCL § 445.251, *et seq.*

6. There is no genuine issue of fact that Defendant made inaccurate, misleading, untrue, or deceptive statements in a communication to collect a debt, and misrepresented the legal rights of the creditor.

WHEREFORE, Plaintiff prays that this Honorable Court grant Summary Judgment in his favor and against Defendant on both Counts of his Complaint.

Respectfully Submitted,

The Meisner Law Group, P.C.

By: /s/ Daniel P. Feinberg
Daniel P. Feinberg (P38356)
dfeinberg@meisner-law.com
Attorneys for Plaintiff

DATED: February 26, 2013

**MLG**
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CAMILLE HADDAD,

    Plaintiff,

v.

HON. BERNARD A. FRIEDMAN
Case No. 2010-11996

ALEXANDER, ZELMANSKI,
  DANNER & FIORITTO, PLLC,

    Defendant.

| The Meisner Law Group, P.C. | Alexander, Zelmanski, Danner & |
|---|---|
| Robert M. Meisner (P17600) |   Fioritto, PLLC |
| Daniel P. Feinberg (38356) | Mark B. Davis (P57065) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 30200 Telegraph Road, Suite 467 | 44670 Ann Arbor Road, Suite 170 |
| Bingham Farms, MI 48025 | Plymouth, MI 48170 |
| (248) 644-4433 | (734) 459-0062 |
| dfeinberg@meisner-law.com | mbd@azdfcondo.com |

## BRIEF IN SUPPORT OF
## MOTION FOR SUMMARY
## JUDGMENT FOLLOWING REMAND

### CONCISE STATEMENT OF ISSUES PRESENTED

I.     WHETHER THERE ARE NO GENUINE ISSUES OF MATERIAL FACT WITH RESPECT TO PLAINTIFF'S CLAIM UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THEREBY ENTITLING PLAINTIFF TO SUMMARY JUDGMENT PURSUANT TO FRCP 56.

II.    WHETHER THERE ARE NO GENUINE ISSUES OF MATERIAL FACT REGARDING PLAINTIFF'S CLAIM UNDER THE MICHIGAN REGULATION OF COLLECTION PRACTICES ACT, THEREBY ENTITLING HIM TO SUMMARY JUDGMENT PURSUANT TO FRCP 56.

    A.    WHETHER DEFENDANT IS A "REGULATED PERSON" AS DEFINED BY THE ACT.

    B.    WHETHER DEFENDANT VIOLATED THE ACT.

[1]

## CONTROLLING AUTHORITIES

Issue I. is controlled by *Haddad v Alexander, Zelmanski, Danner & Fioritto, PLLC, v Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290 (6th Cir, 2012).

Issue II.B. is controlled by MCL § 445.251(g)(xi) and *McKeown v Mary Jane M. Elliott PC*, US District Court, ED Mich, Case No. 07-12016-BC; 2007 WL 4326825 (December 10, 2007).

Issue II.C. is controlled by MCL § 445.252(f).

## Statement of Facts

While the facts have previously been made of record in this matter, they are repeated here for ease of reference. Plaintiff Camille Haddad has owned a Unit in Cumberland Condominium since May 15, 1991. Defendant, Alexander, Zelmanski, Danner & Fioritto, PLLC ("AZDF"), formerly known as Alexander, Zelmanski & Lee, PLLC, is real estate law firm with a particular emphasis on legal issues pertaining to condominiums, having hundreds of condominium associations as clients. Among the hundreds of associations that it has represented is Cumberland Condominium Association (the "Association").

By letter dated October 29, 2008, AZDF informed Mr. Haddad that the Association was claiming that he owed $898.00, purportedly consisting of "$803.00 in unpaid assessments, $40.00 in late charges, and $55.00 in legal fees and costs". AZDF further represented that the letter was Mr. Haddad's "legal notice that unless we receive full payment of all amounts owed within thirty (30) calendar days

[2]

**MLG**
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

... we may proceed to file a lien". The letter also stated, "If you notify us in writing within the thirty (30) day period that the debt or any portion thereof is disputed, we will obtain verification of the debt ... and this verification will be mailed to you." Finally, the letter also acknowledges, "This office is attempting to collect a debt". **(Exhibit A)**.

Within the thirty (30) day period, on November 13, 2008, Mr. Haddad unequivocally denied the alleged charges and requested verification **(Exhibit B)**. AZDF responded by letter dated December 3, 2008, with which it enclosed an "Accounts Receivable" ledger, and asserted that "the balance stems from several late charges assessed to your account throughout the course of this year." While the ledger did display a number of purported late charges, it began with the date of January 11, 2008 and an initial unverified, unidentified supposed account balance of $75.00; but otherwise displayed nothing but timely paid assessments. The amount that this letter demanded was now $938.00 **(Exhibit C)**.

Mr. Haddad responded to AZDF by letter dated December 9, 2008, pointing out that the beginning balance was unexplained and unverified, and, again requesting verification of the debt. AZDF replied with a letter dated January 20, 2009, which included another account ledger. This ledger began as of August 1, 2006, and showed an unexplained, unverified initial account balance of $50.00. The demand in the January 20, 2009 letter had increased to $1,063.00, which allegedly consisted of "$363.00 in unpaid condominium assessments ..., $200.00 in fines ..., $400.00 in late charges ..., and $100.00 in legal fees" **(Exhibit D)**. That is, the

[3]

MLG
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

amount of the allegedly unpaid assessments had *decreased* by $440.00, but the total debt claimed had increased by $165.00.

By letter dated February 23, 2009, Mr. Haddad again pointed out that the $50.00 beginning balance was still unsubstantiated (**Exhibit E**). Instead of verifying the unexplained beginning balance, AZDF's next communication was a letter dated May 18, 2009 containing a copy of a Notice of Lien for Non-Payment of Assessments, the original of which was being sent to the Oakland County Register of Deeds for recording. The lien claimed "the sum of One Thousand Four Hundred Sixteen and 00/100 ($1,416.00) Dollars" due and owing, "exclusive of any costs, late charges, interest, fines, attorney fees and future assessments". The letter itself demanded payment of $1,704.00, ostensibly consisting "of $1,416.00 in unpaid monthly assessments [a jump of $1,053.00], $80.00 in late charges, and $208.00 in legal fees and costs." (**Exhibit F**).

The Notice of Lien for Non-Payment encumbering Plaintiff's unit in Cumberland Condominium was, in fact, recorded on May 19, 2009 in the office of the Oakland County Register of Deeds at Liber 41171, Page 798, Oakland County Records (**Exhibit G**). Thereafter, Mr. Haddad continued to make his regular monthly assessment payments, but nothing more. No verification of the disputed and unaccounted for beginning balance was ever supplied. Despite the fact that Mr. Haddad made no payments toward the claimed past due debt of $1,704.00, the Association eventually corrected its records, and the Lien was discharged on February 22, 2010 (**Exhibit H**).

[4]

MLG
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

This Honorable Court determined that since Mr. Haddad was renting his condominium unit at the time AZDF commenced its collection activity, the unsubstantiated debt was not a "consumer" debt, subject to the FDCPA. The Sixth Circuit reversed.

## LAW AND ARGUMENT

The United States Court of Appeals for the Sixth Circuit has held, as a matter of law, that so-called debt that AZDF sought to collect was, in fact, a "consumer" debt, subject to the FDCPA and the MRCPA. The Sixth Circuit also found that AZDF had not verified the debt as required by the FDCPA, yet continued its collection activity by recording a lien against Mr. Haddad's condominium unit. Liability has been established under the FDCPA. See *Haddad v Alexander, Zelmanski, Danner & Fioritto*, PLLC, 698 F.3d 290, 292 (6th Cir, 2012). The only question remaining to be resolved is the amount of damages to which Mr. Haddad is entitled. Moreover, the facts establish that AZDF engage in deceptive practices. Consequently, there is no issue of act with respect to the MRCPA, either. Mr. Haddad is entitled a Judgment in his favor, as a matter of law on both Counts of his Complaint.

## FAIR DEBT COLLECTION PRACTICES ACT

It has already been adjudicated by the Sixth Circuit that AZDF has violated the Fair Debt Collection Practices Act (FDCPA), 15 USC § 1692, *et seq.*

[5]

"The elements of a FDCPA claim are as follows:

(1) plaintiff has been the object of collection activity arising from consumer debt;

(2) the defendant qualifies as a debt collector under the FDCPA; and

(3) the defendant has engaged in an act or omission prohibited by the FDCPA.
*Dikun v Streich*, 369 F Supp 2d 781, 784-85 (ED Va, 2005)."

*Henderson v Wells Fargo Bank*, No. 3:09cv01, 2009 WL 1259355, 8 (WD NC, 2009);

See also, *Kaplan v Assetcare, Inc*, 88 F Supp 2d 1355, 1360-1361 (SD Fla, 2000);

*Sibley v Firstcollect, Inc*, 913 F Supp 469, 470 (MD La, 1995); *Fuller v Becker & Poliakoff, PA*, 192 F Supp 2d 1361, 1366 (MD Fla, 2002).

### The purported obligation was a "debt"

The United States Court of Appeals for the Sixth Circuit in this case, *Haddad v Alexander, Zelmanski, Danner & Fioritto*, PLLC, 698 F.3d 290 (6th Cir, 2012), expressly held that the claimed obligation which was the subject of Defendant's debt collection activity was a consumer debt as defined by the FDCPA.

### Defendant is a "debt collector"

As to the second element, AZDF is certainly a debt collector, and it has not disputed same. The term "debt collector" is defined under the FDCPA as follows:

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 USC 1692a(6).

[6]

The United States Supreme Court has stated that "the Act applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v Jenkins*, 514 US 291, 298-299; 115 S.Ct 1489; 131 L.Ed.2d 395; 63 USLW 4266 (1995). *See also, Kistner v Law Offices of Michael P Margelefsky, LLC*, 518 F3d 433, 438 (6th Cir, 2008) (attorney who is regularly engaged, directly and indirectly, in the collection of debts, is a debt collector under the FDCPA).

AZDF's website provides that its "typical clients" include "the condominium association board of directors seeking assistance with the collection of unpaid co-owner assessments…" (**Exhibit I**) There is no genuine issue of fact that AZDF was and is regularly engaged in the practice of consumer debt collection activity.

### Defendant continued collection activity on an unverified debt and made false, deceptive, or misleading representations

As to the final element, AZDF has clearly engaged in conduct prohibited by the FDCPA.

AZDF's first communication with Mr. Haddad in the capacity as a debt collector occurred on October 29, 2008, when it mailed him a Notice of Intent to Record a Lien. Pursuant to 15 USC § 1692g(b), if the consumer notifies the debt collector in writing within thirty (30) days after receipt of an initial communication from a debt collector that the debt is disputed, "the debt collector **shall cease** collection of the debt … until the debt collector obtains verification of the debt …

[7]

MLG
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

and a copy of such verification ... is mailed to the consumer." (Emphasis supplied.) Mr. Haddad did, in fact, deny the validity of the debt, within 30 days; yet AZDF continued to attempt collection without ever obtaining and providing verification of the debt.

In fact, even disregarding the unaccounted for $50.00 beginning balance, AZDF never verified the "$803.00 in unpaid assessments, $40.00 in late charges, and $55.00 in legal fees" as stated in its initial communication of October 29, 2008. Instead, on January 20, 2009, AZDF asserted only "$363.00 in unpaid condominium assessments ..., $200.00 in fines..., $400.00 in late charges..., and $100.00 in legal fees". This letter was then followed by the one of May 18, 2009, in which it now claimed "$1,416.00 in unpaid monthly assessments, $80.00 in late charges, and $208.00 in legal fees", and recorded a lien in the amount $1,416.00, "exclusive of any costs, late charges, interest, fines, attorney fees ..."

The Sixth Circuit expressly found: "Haddad timely responded to both letters, and he requested verification of the debts allegedly owed. However, the Firm [AZDF] **did not verify the debts** and recorded a Notice of Lien in May 2009." *Haddad*, 698 F.3d at 292 (emphasis added).

In addition, 15 USC § 1692e(2)(A), prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt, including, but not limited to misrepresenting the character, amount or legal status of a debt. As can clearly be seen from the ever changing character and amounts sent forth in its various letters, AZDF indisputably made misleading representations. Moreover,

[8]

§ 108(3)(iii) of the Michigan Condominium Act, MCL § 559.208(3)(iii), provides that the Notice of Lien shall set forth the amounts due, "exclusive of interest, costs, attorney fees, and future assessments." AZDF clearly misrepresented this amount in the lien it sent to Mr. Haddad; which, in fact, was recorded in violation of this statute. Accordingly, AZDF not only threatened to take action that it could not legally take, but actually proceeded to take such action.

There is no genuine issue of fact that AZDF committed multiple violations of the FDCPA, and is liable to Mr. Haddad as a matter of law. The only issue remaining to be resolved is the amount of damages to which Mr. Haddad is entitled.

## MICHIGAN REGULATION OF COLLECTION PRACTICES ACT

### A condominium assessment is a "debt"

Under the Michigan Regulation of Collection Practices Act (MRCPA), debt is defined similarly to the definition under the FDCPA, as an "obligation for the payment of money ... arising out of an express or implied agreement ... for a purchase made primarily for personal, family or household purposes." Accordingly, the Sixth Circuit in this case also specifically held that obligation at issue was a "debt" for the purposes of the MRCPA.

MLG
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

[9]

## Defendant is a "regulated person"

Pursuant to § 1(g)(xi) of the MRCPA, MCL § 445.251(g)(xi), a "regulated person" includes an "attorney handling claims and collections on behalf of a client and in the attorney's own name." AZDF is, therefore, a regulated person.

In *McKeown v Mary Jane M. Elliott PC*, US District Court, ED Mich, Case No. 07-12016-BC; 2007 WL 4326825 (December 10, 2007) **(Exhibit J),** the Plaintiff brought an action against an attorney under Michigan's Occupational Code, MCL § 339.901, et seq., as well as the MRCPA, MCL § 445.251, et seq. The Court noted that under the Occupational Code ("§ 339") a "[c]ollection agency does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency such as ... [a]n attorney handling claims and collections on behalf of clients and in the attorney's own name." MCL § 339.901(b)(xi). Whereas, by contrast, a regulated person under the MRCPA ("§ 445") is "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency including ... [a]n attorney handling claims and collections on behalf of a client and in the attorney's own name." MCL § 445.251(g)(xi). The Court concluded:

> "Defendant's collection activities were on behalf of a client and Defendant does not fit within the meaning of a collection agency outlined in § 339 [Occupational Code]. On the other hand, Defendant fits squarely within the definition set forth under § 445 [Regulation of Collection Practices Act]."

### Defendant made misleading or deceptive statements and failed to implement a procedure designed to prevent a violation of the Act

Under the MRCPA, a regulated person shall not, *inter alia,* make "an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt" or "misrepresent the legal rights of the creditor", or fail "to implement a procedure designed to prevent a violation by an employee." MCL § 445.252(f).

Certainly, again, the ever changing representations of AZDF and sending an individual a copy of a lien which is invalid, in an effort to get that individual to pay a sum which he does not owe, must be deemed deceptive, and cannot be permissible under the MRCPA. Moreover, based on the haphazard way in which AZDF asserted various amounts owing, it is clear that if it had a procedure to prevent a violation by an employee, including its associates, it certainly had failed to implement it.

The MRCPA was obviously passed to benefit consumers and to curtail abusive collection practices. As such it is remedial in nature. "[I]f a statute or amendment is 'designed to correct an existing law, redress an existing grievance, or introduce regulations conducive to the public good', it will be regarded as remedial in nature." *Rookledge v Garwood*, 340 Mich 444, 453; 65 NW2d 785 (1954). One of the canons of statutory construction is that "remedial statutes ... are liberally construed in favor of the persons intended to be benefited." *Brown v Mayor of Detroit,* 271 Mich App 692, 706; 723 NW2d 464 (2006).

[11]

MLG
THE MEISNER LAW GROUP, P.C.
Attorneys and Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com

There is no genuine issue of fact that AZDF committed multiple violations of the MRCPA. The only issue remaining to be resolved is the amount of damages to which Mr. Haddad is entitled.

## CONCLUSION

The United States Court of Appeals for the Sixth Circuit has already determined that the purported obligation that AZDF sought to collect from Mr. Haddad is a consumer debt <u>and</u> that AZDF has violated the Act by continuing collection activity without having verified the purported debts. There are no genuine issues of material fact with respect to liability and Mr. Haddad is entitled to judgment in his favor as a matter of law. The only question remaining for this Court to resolve is the amount of damages to which Mr. Haddad is entitled. Similarly, the Sixth Circuit has determined that the collection activity concerned a debt as that term is defined by the Michigan Regulation of Collection Practices Act. AZDF's violations of the Michigan Act are manifest. Summary Judgment must be granted in favor of Mr. Haddad and against Defendant on both Counts of his Complaint.

DATED: February 26, 2013

Respectfully submitted,

The Meisner Law Group, P.C.

By: /s/ Daniel P. Feinberg
Daniel P. Feinberg (P38356)
dfeinberg@meisner-law.com
Attorneys for Plaintiff

[12]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CAMILLE HADDAD,

    Plaintiff,

v.

ALEXANDER, ZELMANSKI,
  DANNER & FIORITTO, PLLC,

    Defendant.

HON. BERNARD A. FRIEDMAN

Case No. 2010-11996

| The Meisner Law Group, P.C. | Alexander, Zelmanski, Danner & |
|---|---|
| Robert M. Meisner (P17600) |   Fioritto, PLLC |
| Daniel P. Feinberg (38356) | Mark B. Davis (P57065) |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 30200 Telegraph Road, Suite 467 | 44670 Ann Arbor Road, Suite 170 |
| Bingham Farms, MI 48025 | Plymouth, MI 48170 |
| (248) 644-4433 | (734) 459-0062 |
| dfeinberg@meisner-law.com | mbd@azdfcondo.com |

## CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2013, I electronically filed the foregoing paper with the Clerk of the Court, using the ECF system which will send notification of such filing to:

Mark B. Davis, Esq., Alexander, Zelmanski, Danner & Fioritto, PLLC, 44670 Ann Arbor Road, Suite 170, Plymouth, Michigan 48170; mbd@azdfcondo.com.

                                              s/Margaret Welch, Legal Secretary
                                              The Meisner Law Group, P.C.
                                              30200 Telegraph Rd., Ste. 467
                                              Bingham Farms, MI 48025
                                              (248) 644-4433
                                              mwelch@meisner-law.com

[1]

MLG
THE MEISNER
LAW GROUP, P.C.
Attorneys and
Counselors

30200 Telegraph Rd.
Suite 467
Bingham Farms, MI
48025-4506

(248) 644-4433
Fax: (248) 644-2941
meisner-law.com